Allen, J.,
 

 concurring. No one who views the marriage contract from an ethical standpoint can have sympathy for the plaintiff in error upon the record disclosed herein; however, I concur in the per curiam opinion of the majority of the court for the following reasons:
 

 First. While it is true that any injunction is enforceable only through contempt proceedings, it is also true that this particular order is unusually difficult of enforcement. The ordinary injunction involves a prohibition against selling property or against doing some act which will involve indifferent third parties: that means that proof of the violation of the order may usually be readily secured. In this case the injunction affects two people only. Under the facts as found, these two people stand in a wrongful relationship to each other. Proof of the violation of this particular order will depend, at least largely, upon the testimony, not of indifferent third parties but of these particular two people. Under these circumstances it is difficult to see how the court can enforce the injunction granted herein without attaching a probation
 
 *231
 
 ' officer permanently to both Miss Snedaker and King.
 

 Second. The order passes all bounds in its lack of limitation. Under this order, what is Miss Snedaker to do if she passes King upon the street? Must she cross the street in order not to go “near him * * # at * * ■ * any * * * place where said Homer King may be,” or may she stay upon the same side of the street and pass him? Under such circumstances may she say “good morning” to him, or in so doing will she be violating the order that she is not to communicate with King “by word”?
 

 Third. This injunction should not issue, because an order that forbids a man and woman to see each other or to speak to each other under the facts herein set forth, merely adds fuel to the flame. If the wife is to be assisted in her fight for a rehabilitated home, action should not be taken which will almost inevitably make wrongdoing even more alluring to her husband.
 

 It has been urged that to dissolve this injunction is to condone the action of the plaintiff in error. Equity, however, refuses to enjoin many acts which it does not condone. Equity will not enjoin the commission of crime. This is not because it condones the commission of crime, but because it takes no part in the administration of the criminal law. Neither does this court condone the acts set forth in the petition and found by the trial judge.
 

 It is significant to note that the judgment against Miss Snedaker has not been reversed; the injunction only has been dissolved. Upon the facts as
 
 *232
 
 found by tbe trial court, Miss Snedaker’s action is still branded in this court. That condemnation is her most adequate punishment. To add thereto a judgment, which, from the perversity of human nature, would tend to defeat rather than to accelerate the reconciliation of the husband and wife seems unwise.